IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **In Re Signature Performance Data Breach Litigation** | ORDER FOR CONSOLIDATION AND APPOINTMENT OF CO-LEAD INTERIM CLASS COUNSEL<br><br>8:24CV230<br>8:24CV231<br>8:24CV233<br>8:24CV234<br>8:24CV235<br>8:24CV252 |

This matter is before the Court on the Unopposed Motion to Consolidate Related Actions and Appoint Interim Co-Lead Class Counsel (Filing No. 6 in Case No. 8:24CV230) filed by the plaintiffs in each of the above-captioned cases.[1] The plaintiffs seek consolidation of the above-captioned related cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The plaintiffs further request appointment of interim co-lead class counsel to collectively lead this litigation. Finally, the motion seeks to stay all case deadlines in the related actions during the pendency of the motion, including deadlines for Defendants to respond to the respective complaints, and proposes deadlines for filing and responding to a consolidated complaint.

The Court filed a copy of the motion and supporting documents in each of the above-captioned cases, and ordered that any responses to the motion be filed by July 24, 2024. No party filed any opposition to the motion, and Plaintiff Coit has filed a statement of support in support of the motion. (Filing No. 13 in Case No. 8:24CV230). After review, the Court will grant the motion.

### I. Consolidation

The plaintiffs seek consolidation of the above-captioned cases, as well as any subsequently filed or transferred related actions, for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. The plaintiffs' claims all arise out of the same data breach of the defendants'

---

[1] Excluding *Coit v. Signature Performance, Inc. et al.*, Case No. 8:24CV252, which complaint was filed four days after the instant motion was filed.

computer network by a third-party cybercriminal on or about January 17 and 18, 2024, which resulted in the unauthorized access of sensitive personal information, including names, addresses, dates of birth, Social Security numbers, provider names, dates of services, medical record/case numbers, Medicare/Medicaid ID numbers, health insurance provider names, health insurance individual policy numbers and/or treatment costs, of hundreds of thousands of individuals. The defendants began providing affected individuals with notice of the breach in June 2024. The plaintiffs and putative class members are individuals affected by the data breach, and have brought claims arising out of Defendants' failure to properly safeguard their personally identifiable information and protected health information. The plaintiffs have all alleged similar causes of action against Defendants, including negligence, breach of express contract, breach of implied contract, invasion of privacy, unjust enrichment, and claims for declaratory and injunctive relief.

After review of the pleadings, motion, and accompanying brief and attachments, the Court finds consolidation pursuant to Fed. R. Civ. P. 42(a) is warranted. The plaintiffs' claims all arise out of the same data breach, contain overlapping causes of action, and seek to represent the same class of individuals—of which there are potentially hundreds of thousands. The plaintiffs also all allege Defendants breached the same or similar common law and statutory duties, thereby allowing the data breach to occur, and also seek the same type of remedies and compensation. Thus, all of the above-captioned actions will involve common questions of law and fact. See Fed. R. Civ. P. 42(a) (permitting a court to consolidate actions "involve[ing] a common question of law or fact."). As such, consolidation will promote judicial efficiency, conserve the parties' and court's resources, and will avoid duplicative discovery and court rulings. Moreover, the plaintiffs have proposed jointly filing a consolidated complaint in the first-filed action, *McLean v. Signature Performance, Inc.*, Case No. 8:24CV230; thereafter, the plaintiffs propose administratively closing the remaining member cases and proceeding under the *McLean* action only, which will further streamline this litigation. Under the circumstances, the Court finds the plaintiffs' motion should be granted, and the above-captioned cases should be consolidated for all purposes.

II. **Appointment of Interim Co-Lead Class Counsel**

The plaintiffs also move for appointment of interim co-lead counsel under Fed. R. Civ. P. 23(g)(3). The plaintiffs request Mason A. Barney of Siri & Glimstad LLP; Bryan L. Bleichner of Chestnut Cambronne PA; M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation; and Jeff Ostrow of Kopelowitz Ostrow P.A be appointed as interim co-lead counsel.

Federal Rule of Civil Procedure 23(g)(3) provides that the court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." When appointing class counsel, interim or otherwise, Rule 23(g)(1)(A) requires the court to consider (1) "the work counsel has done in identifying or investigating potential claims in the action," (2) "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action," (3) "counsel's knowledge of the applicable law," and (4) "the resources that counsel will commit to representing the class." The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The Manual for Complex Litigation provides that the court should "ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Coordination in Multiparty Litigation—Lead/Liaison Counsel and Committees, [Ann. Manual Complex Lit. § 10.22](#) (4th ed.). "Counsel designated by the court also assume a responsibility to the court and an obligation to act fairly, efficiently, and economically in the interests of all parties and parties' counsel." *Id.*

After review of the Rule 23(g)(3) factors, the Court finds the consolidated actions would benefit from interim class counsel for efficient case management. As demonstrated by the brief and accompanying resumes, proposed interim co-lead counsel are extremely experienced and qualified attorneys, and each has knowledge of the applicable law, experience in managing and prosecuting complex class action cases involving data security and privacy, notable successes against large corporate defendants, and resources they are willing to expend to litigate this case. Proposed interim co-lead counsel were the first to file cases arising out of the data breach at issue, and have been involved in investigating, prosecuting, and coordinating this litigation, including the preparation and filing of this motion. And, although there is no other counsel currently seeking appointment as interim lead counsel, and the proposed interim co-lead counsel already represent all the current plaintiffs in this consolidated action, the Court nevertheless finds appointment of interim counsel at this juncture makes sense. The data breach at issue in this case allegedly occurred in January 2024, and notice to affected individuals, of which there may be hundreds of thousands, began in June 2024. Given the relatively recent notification of hundreds of thousands of affected individuals, it is reasonable to assume more lawsuits with similar or identical claims arising out of the same data breach could be forthcoming. Finally, no party has objected to the appointment of these attorneys as interim co-lead class counsel. For these reasons, the Court finds the appointment

3

of the proposed interim co-lead counsel is appropriate under Federal Rule of Civil Procedure 23(g), and will grant the motion. Upon consideration,

**IT IS ORDERED**:
1. The plaintiffs' Unopposed Motion to Consolidate Related Actions (Filing No. 6 in Case No. 8:24CV230) is granted.
2. The above-captioned cases are consolidated for all purposes. The Court designates Case No. 8:24CV230 as the "Lead Case" and Case Nos. 8:24CV231, 8:24CV233, 8:24CV234, 8:24CV235, and 8:24CV252 as "Member Cases."
3. The Court's CM/ECF System has the capacity for "spreading" text among the consolidated cases. If properly docketed, the documents filed in the Lead Case will automatically be filed in all Member Cases. To this end, until a consolidated complaint is filed in the Lead Case, the parties are instructed to file all further documents (except as described below in subsections a. and b. of this paragraph) in the Lead Case, and to select the option "yes" in response to the System's question whether to spread the text.
    a. The parties may not use the spread text feature to file complaints, amended complaints, and answers; to pay filing fees electronically using pay.gov; to file items related to service of process; or to file notices of appeal. Attempting to do so will cause a system error, and therefore these documents must be separately filed in each of the lead and any member cases. When filing such documents, counsel may either file the document separately in each case, or file the document in the Lead Case and ask the court to then file it in all member cases.
    b. If a party believes that a document in addition to those described in subparagraph a. above should not be filed in all of these consolidated cases, the party must move for permission to file the document in a limited number of the cases. The motion must be filed in each of the consolidated cases using the spread text feature.
4. The plaintiffs in the above-captioned cases shall file a motion for leave to file a Consolidated Complaint in the Lead Case on or before **September 9, 2024.**

    a. The deadline for the defendants to file an answer or other responsive pleading is extended to 45-days after the plaintiffs file a Consolidated Complaint.

    b. If the defendants file a motion under Fed. R. Civ. P. 12 as a responsive pleading, the plaintiffs shall have 30-days to file a brief in opposition. Thereafter, the defendant may have 21-days to file a brief in reply.

5. For subsequently filed or transferred cases arising out of the same subject matter at issue in the Consolidated Lead Case, attorneys of record must notify the court that the case is related to this action pursuant to NEGenR. 1.4(A). The Clerk of Court shall docket a copy of this order in any subsequently filed or transferred related case. If any party objects to consolidation or otherwise wishes to seek alternative relief in a subsequently filed case, the objecting party must file a motion within 14-days of the party's first appearance in the case explaining the basis for its motion and its requested relief.

**IT IS FURTHER ORDERED:**

1. The plaintiffs' Unopposed Motion to Appoint Interim Co-Lead Class Counsel Under Fed. R. Civ. P. 23(g)(3) (Filing No. 6 in Case No. 8:24CV230) is granted.
2. Mason A. Barney of Siri & Glimstad LLP; Bryan L. Bleichner of Chestnut Cambronne PA; M. Anderson Berry of Clayeo C. Arnold, A Professional Corporation; and Jeff Ostrow of Kopelowitz Ostrow P.A are appointed as Interim Co-Lead Class Counsel.
3. Plaintiffs' Interim Co-Lead Counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the Consolidated Action.

Dated this 25th day of July, 2024.

                                      BY THE COURT:

                                      s/Michael D. Nelson
                                      United States Magistrate Judge